**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Transport Factoring Associates, Inc., an Arizona Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Textron Financial Corporation d.b.a. Systran Financial Services Corporation, a Delaware Corporation,<br><br>　　　　　Defendant. | No. CV 05-505 PHX NVW<br><br>**ORDER** |

The court has considered Defendant's Motion For Summary Judgment (doc. # 33), Defendant's Memorandum In Support Of Its Motion For Summary Judgment (doc. # 34), Defendant's Statement Of Facts In Support Of Its Motion For Summary Judgment (doc. # 35) ("DSOF"), Plaintiff's Response To Defendant's Motion For Summary Judgment Pursuant To 49 U.S.C. Section 14705 (doc. # 49) ("Response"), Plaintiff's Motion To Strike All Of Defendant's Statement Of Facts In Support Of Its Motion For Summary Judgment And Organic Attachments Except For Appropriate Elements Of The Affidavit Of Cynthia Basolo (doc. # 50) ("Motion To Strike"), Defendant's Memorandum In Opposition To Plaintiff's Motion To Strike (doc. # 51), Defendant's Memorandum In Support Of Its Motion For Summary Judgment (doc. # 52) ("Reply"), and Plaintiff's Surreply To Defendant's

Constructive Reply In Support Of Its Motion For Summary Judgment (doc. # 54) ("Surreply").

Transport Factoring Associates ("Transport Factoring") brought this action for declaratory relief and a "corresponding award of entitlement" to uncollected amounts of earned motor carrier compensation. (Complaint at ¶ 1.) Transport Factoring sued Defendant Textron Financial Corporation ("Textron"), the parent corporation of Systran Financial Services Corporation ("Systran"), and the parties at this stage of the litigation are evidently satisfied to attribute Systran's conduct to the defendant. Textron now moves for summary judgment on the ground that Transport Factoring's claims are time-barred under the limitations period in 49 U.S.C. § 14705(a).

**I.    Motion To Strike**

As a preliminary matter, Transport Factoring has moved the court to strike a portion of Textron's Statement of Facts. (Motion To Strike at 1.) In support of its Motion To Strike, Transport Factoring has failed to provide a memorandum of points and authorities as required by LRCiv 7.2(b). Although Transport Factoring argues in its Response that Textron's Statement of Facts and organic attachments are "utterly immaterial" to the motion before the court, the argument is not supported or explained in the Response or elsewhere. *See* Response at 2. In any event, the court has not relied on irrelevant or immaterial facts in Textron's filings in deciding Textron's Motion for Summary Judgment. Transport Factoring's Motion To Strike is therefore denied.

**II.    Background**

The underlying transactions that occasion this lawsuit involved three types of parties: (1) shippers of goods, (2) a "brokerage company" called KC Express, and (3) carriers of goods. (DSOF at ¶¶ 12-15.)[1] The shippers would enter into contracts with KC Express to

---

[1] Transport Factoring has not filed with its Response a separate statement of facts as required by LRCiv 56.1.

- 2 -

ship, the carriers contracted with KC Express to carry the goods, and KC Express would retain the difference between what the shippers agreed to pay it for carrying and what the carriers agreed to accept from KC Express. (DSOF at ¶¶ 12-15.) Although referred to by the parties as a "broker," KC Express contracted with shippers and carriers on its own behalf and not as an agent of either. (DSOF at ¶¶ 12-19.) The contracts with shippers and carriers, moreover, were separate; no express payment obligation was ever formed between the shippers and carriers. (DSOF at ¶ 17.)

KC Express ceased operations in approximately December of 2002, leaving some carriers unpaid for their services. (DSOF at ¶ 19.) Some of these unpaid carriers assigned their rights to Transport Factoring, which brought this suit to collect the amounts owed. (Complaint at ¶ 2.)

While in business, KC Express entered into a factoring agreement with Systran. (Response at 3.) Factoring is the process whereby a business sells or borrows against its accounts receivable in order to obtain immediate cash flow rather than waiting until the receivable is paid. (Basolo Aff. at ¶ 4.) KC Express factored its receivables to Systran by an agreement dated September 18, 2002, under which Systran had recourse to KC Express for any factored receivable not ultimately paid by the shipper. (Response at 3.) No motor carrier objected to KC Express's factoring its receivables. (DSOF at ¶ 22.) Although not apparent from the Complaint, it seems that before ending operations KC Express squandered the money obtained from Systran on some purpose other than paying the carriers, leaving both the carriers and Systran with substantial losses.

Transport Factoring's theory of liability against Textron, the parent corporation of KC Express's lender, is unintelligible to this court. Rather than unravel and attack that theory, Textron moves for summary judgment based on the statute of limitations in 49 U.S.C. § 14705, which states in relevant part:

> **49 U.S.C. § 14705.  Limitations on actions by and against carriers**

> **(a) In General.**— A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.
> . . .
> **(g) Accrual date.**— A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier.

This court in turn addresses that defense.

Transport Factoring does not contest that the carriers whose rights Transport Factoring represents were "subject to jurisdiction under chapter 135." (Complaint at ¶ 5.) Transport Factoring furthermore does not contest that as the assignee of rights from various motor carriers, Transport Factoring can claim no more rights than could the carriers. (Response at 5.) Nor does Transport Factoring contest Textron's calculation of the limitations period or the conclusion that all of the relevant claims accrued more than eighteen months before the filing of this action. Instead, Transport Factoring apparently argues (1) that the limitations period is not applicable to suits against brokers and is therefore not applicable against assignees of brokers, and (2) that its Complaint also included the claim— not barred by section 14705— that Systran rendered portions of the relevant amounts uncollectible through wrongful collection actions. (*See* Response at 3-5, 6.)

**II.     Applicability Of Section 14705 To Suits Against Brokers**

Transport Factoring first argues that section 14705 is not applicable to suits against brokers. (*See* Response at 3-5.) Textron is content to refute this proprosition without disputing the characterization of KC Express as a broker.

The plain language of the statute refutes Transport Factoring's argument. The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Section 14705 provides that a "carrier providing transportation or service . . . must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues." 49 U.S.C. §

- 4 -

1 14705. The language of 49 U.S.C. § 14705 is complete as it stands, restricting the time period that a carrier may bring suit to recover its charges irrespective of the party against whom the suit is brought. The provision makes no mention of who the defendant in such a case may or must be. At least on its face, the provision applies to any action brought by a carrier to collect its charges.

In interpreting the statute, the court should not add words to a statutory provision that is complete as it stands. *Burlington Northern R.R. Co. v. Okla. Tax Com'n*, 481 U.S. 454, 463 (1987). "Unless exceptional circumstances dictate otherwise, when [a federal court finds] the terms of a statute unambiguous, judicial inquiry is complete." *Id.* at 461 (citations omitted). To exclude suits against brokers from the limitation of the statute would be to write into the statute an exception not provided by Congress. The court will not add the words "against a shipper" or "except when the suit is brought against a broker" to the statutory language enacted by Congress. *See id.* at 463. Although Congress elsewhere has imposed a surety bond requirement upon brokers but not upon shippers, that does not give rise to the inference that the entire statutory framework was intended to favor shippers and disfavor brokers as a general matter. *Cf. Thompson v. Thompson*, 484 U.S. 174, 182-83 (1988) (refusing to imply a right of action in 28 U.S.C. § 1738A, one of the purposes of which was to disincentivize non-custodial parents from child snatching from custodial parents); *Cort v. Ash*, 422 U.S. 66, 80 (1975) (refusing to imply a right of action in 18 U.S.C. § 610 even though the protection of private stockholders was one of the relevant motives behind the legislation). Because Transport Factoring has presented no "exceptional circumstance" dictating otherwise and because the terms of the statute are unambiguous, the court's inquiry is complete.

The sparce cases interpreting Section 14705 tend to support this result. The court in *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002 (N.D. Iowa 2001), applied section 14705 in a parallel factual context to dismiss claims brought by the carrier against the consignor of goods. *See id.* at 1006. In deciding the "accrual date" of the cause of action,

- 5 -

1  the court noted that the identical language of 14705(g) had been construed in other statutes
2  to "impose an absolute deadline on filing of a claim." *Id.* at 1008. The *C.H. Robinson* court
3  also relied on *Wisconsin Bridge & Iron Co. v. Illinois Terminal Co.*, 88 F.2d 459, 462 (7th
4  Cir. 1937), which had applied a predecessor to section 14705 and stated that "the lapse of
5  time not only bars the remedy but also destroys the liability." In addition, *Axinn & Sons*
6  *Lumber Co. v. Long Island R.R. Co.*, 466 F. Supp. 993, 1000 (E.D.N.Y. 1978), stated that the
7  predecessor to Section 14705 "must be read literally." Transport Factoring provides no
8  authority suggesting that section 14705 is not an absolute bar to recovery.

### III.    Claim For Wrongful Collection Actions

Transport Factoring next argues that its case is not entirely barred by section 14705 because it has also sued based on Systran's "wrongful collection actions." (Response at 6-7.) According to Transport Factoring, Systran's wrongful collection actions have rendered uncollectible — presumably from shippers — certain portions of the relevant amounts to which the carriers and now Transport Factoring are entitled. (*Id.*; Complaint at ¶ 10.) The court understands Transport Factoring's "wrongful collection activities" claim as an allegation of tortious interference with the rights of Transport Factoring to the earned compensation. Transport Factoring apparently asserts that the carrier charges are merely a measure of Transport Factoring's tort damages and the claim is therefore not one "to recover charges" within the time limitation of section 14705(a). Transport Factoring provides no support or explanation for this argument. The court need not decide, however, whether a tort claim brought on such a theory would be covered by section 14705(a).

Although this argument was first presented by Textron in its reply brief, Transport Factoring has sought leave to file a Surreply. Plaintiff's Motion For Leave To File A Surreply (doc. # 54-1) is hereby granted. The filing of the Surreply affords Transport Factoring an opportunity to respond to the new argument and cures any prejudice from its lateness. *See Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128 (9th Cir. 1999).

1   Even if such a claim is not barred by the limitations period of section 14705, Textron
2   has otherwise shown that Transport Factoring's claim fails as a matter of law. The Brokerage
3   Agreement entered by the carriers and KC Express provided, "Under no circumstances will
4   CARRIER invoice the shipper or consignee, unless specific written authorization has been
5   so given by KC EXPRESS BROKERAGE, INC." (DSOF Ex. 11 at p. 26.) Transport
6   Factoring does not dispute the applicability or enforceability of this release and offers no
7   evidence that Transport Factoring retained any right against the shippers with which Textron
8   could have tortiously interfered.

9   The carriers and Transport Factoring thus had no claim for the charges from the
10  shippers. Without such a right, Transport Factoring cannot meet the requirements for the tort
11  of conversion or of interference with property. *See, e.g.*, *Sterling Boat Co., Inc. v. Arizona
12  Marine, Inc.*, 134 Ariz. 55, 58, 653 P.2d 703, 706 (Ariz. App. 1982) (noting that
13  "[c]onversion results from conduct intended to affect property of another," or in other words,
14  from conduct performed with "an intent to exercise a dominion or control over the goods
15  which is in fact inconsistent with the plaintiff's rights"). Nor can Transport Factoring show
16  damages, a required element of the tort of interference with contractual relations. *Wells
17  Fargo Bank v. Arizona Laborers, Teamsters  & Cement Masons Local No. 395 Pension
18  Trust*, 201 Ariz. 474, 493, 38 P.3d 12, 31 (2002).

19  Moreover, the claim also appears to be barred by the Arizona statute of limitations.
20  *See* A.R.S. § 12-542; *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 138 Ariz. 240, 243-44
21  (1983) (holding that the two-year statute of limitations of A.R.S. § 12-542 applies to injury
22  to any kind of property, be it real, tangible, personal or intangible, and that it applies to
23  claims for wrongful interference with contract). Regardless of whether such a tort claim is
24  subject to section 14705, then, it does not survive Textron's motion for summary judgment.
25  IT IS THEREFORE ORDERED that:
26  1.   Plaintiff's motion to strike defendant's statement of facts (doc. # 50) is denied.
27  2.   Plaintiff's motion for leave to file a surreply (doc. # 54) is granted.
28

3. Plaintiff's motion to certify class (doc. # 29) is denied as moot.

4. Defendant's motion for summary judgment (doc. # 33) is granted.

5. The clerk shall enter judgment in favor of Defendant Textron Financial Corporation and that Plaintiff Transport Factoring Associates take nothing on its complaint. The clerk is directed to terminate this action.

6. All previously set hearings and conferences in this case are vacated.

DATED this 16th day of November, 2005.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge

- 8 -