**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Transport Factoring Associates, Inc., an Arizona Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Textron Financial Corporation d/b/a Systran Financial Services Corp., a Delaware Corporation,<br><br>　　　　　Defendant. | No. CV 05-0505-PHX-NVW<br><br>**ORDER** |

The court has considered Plaintiff's Motion For Reconsideration (doc. # 63) and Memorandum Of Law In Support Of Plaintiff's Motion For Reconsideration (doc. # 64). The court deems the motion to be one under Rule 59, Fed. R. Civ. P. Also before the court is Plaintiff's First Motion for Extension of Time to File Notice of Appeal (doc. # 69).

Transport Factoring Associates ("Transport Factoring") brought this action for declaratory relief and a "corresponding award of entitlement" to uncollected amounts of earned motor carrier compensation. (Complaint at ¶ 1.) The uncollected amounts were earned by various motor carriers that entered contracts to transport goods with KC Express, a motor carrier brokerage company, which separately contracted with shippers to transport those goods. Transport Factoring sued Defendant Textron Financial Corporation ("Textron"), the parent corporation of Systran Financial Services Corporation ("Systran"), which entered a factoring agreement with KC Express before KC Express went out of

business. The parties freely attribute the actions of Systran to Defendant Textron. To simplify and summarize, Transport Factoring brought this action against the factor of the brokerage company with which the carriers (whose rights Transport Factoring is asserting) originally contracted.

The court's order of November 17, 2005 (doc. # 60) provides a more detailed discussion of the relevant facts of the case. In that order the court granted Textron's motion for summary judgment, holding generally that Transport Factoring's claims to recover carrier charges were time-barred under 49 U.S.C. § 14705. Section 14705 requires that carriers "begin a civil action to recover charges for transportation or service" within 18 months of delivery or tender. 49 U.S.C. § 14705(a), (g). The parties' previous briefs assumed that if § 14705 barred such claims against brokers, it also would bar the claims to recover carrier charges against Textron in this case. This court held § 14705 applicable to such claims against brokers and therefore granted Textron summary judgment on those claims.

Transport Factoring alternatively argued that § 14705 could not bar its claims for "wrongful collection actions" that prevented Transport Factoring from collecting its charges directly from the shippers, although it did not explain how Textron would be liable under this theory. (Response at 6-7.) Interpreting this as a tort claim for interference with property or with contract, the court held that the carriers' express waiver of recourse against the shippers — argued and evidenced on the motion by Textron — precluded any showing of damages on such a claim. Impeding collection, the court held, does not harm a party that has no legal ability or right to collect. Although permitted a surreply by the court, Transport Factoring presented no evidence or argument that the carriers had not waived the right to collect the charges from the shippers and provided the court with no additional explanation of this theory of liability against KC Express' factor or the parent company Textron.

Transport Factoring now moves for reconsideration of the court's order granting summary judgment to Textron. Reconsideration of a court's prior order is appropriate in very limited circumstances. A court should reconsider its ruling if it is presented with newly discovered evidence, if a party shows that the court has committed clear error, or if there is

an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Since no new evidence or change of law has been brought to the court's attention by Transport Factoring, the court assumes Transport Factoring is arguing that the court's decision was clear error.[1]

Transport Factoring first argues that bills of lading constituted direct contracts between the shippers and carriers, which would suggest that its tort claim could show damages. (*See, e.g.*, doc. # 64-1 at 2.) Transport Factoring, however, did not offer evidence contradicting Textron's submitted transactional documents extinguishing the carriers' right to payment from the shippers. (doc. # 60 at 7.) Nor did Transport Factoring submit a separate statement of facts as required by LRCiv. 56.1 to contradict Textron's other evidence that no express payment obligation existed between the shippers and carriers in this case. (doc. # 60 at 2 n.1; *see also* doc. # 35 at ¶ 17.) On a motion for summary judgment, the facts must generally be taken in the light most favorable to the non-moving party. *Pa. State Police v. Suders*, 542 U.S. 129, 134-35 & n.1 (2004). From the unrebutted testimony and transactional documents alone, though, no reasonable jury could believe that the shippers had an express payment obligation to the carriers.

Transport Factoring may be arguing that the bill of lading statutorily provided a right against the shippers which could not be waived by the carriers. Generally, the bill of lading is a contract between the carrier and shipper for the movement of a load from one point to another. *S. Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982); *See also*

---

[1] Transport Factoring attaches a brief from a different case between different parties. Transport Factoring calls the court's attention to the fact that the separate brief was "successful" in the U.S. Bankruptcy Court in which it was filed and purports to entirely incorporate the brief as its argument for why Transport Factoring has a valid theory of liability. (doc. # 64-1 at 3.) The court will not study the brief, sort out similarities and differences between the two cases, and create argument for Transport Factoring that Transport Factoring has not articulated for itself. *See generally* Fed.R.Civ.P. 7(b)(1)(a motion "shall state with particularity the grounds therefor"); LRCiv 7.2(b)(the memorandum shall "set[] forth the points and authorities relied upon in support of the motion").

1  *Interocean S.S. Corp. v. New Orleans Cold Storage & Warehouse Co.*, 865 F.2d 699, 703
2  (5th Cir. 1989). However, as a general matter the bill of lading is strictly construed against
3  the carrier, *Interocean*, 865 F.2d at 703, and creates rights that may be waived. *See*
4  *Commercial Metals*, 456 U.S. at 343 ("*Unless the bill provides to the contrary*, the consignor
5  remains primarily liable for the freight charges." (emphasis added)). Transport Factoring has
6  presented no authority or evidence contradicting Textron's assertions — which are supported
7  by evidence — that the carriers had no such statutory right in these transactions or waived
8  it if they did. (*See* doc. # 60 at 7 (citing DSOF Ex. 11 at p. 26); doc. # 35 at ¶ 17.)

9  Transport Factoring also relies for the first time in this motion on a theory of breach
10 of fiduciary duty, arguing that the statute of limitations for such a breach had not run by the
11 time this action was brought. (doc. # 64-1 at 3-4.) Perhaps Transport Factoring's theory is
12 that the carriers' waiver of direct claims against the shippers was invalid, with the asserted
13 consequence that the shippers' payments to KC Express were held by KC Express in trust for
14 the sole lawful purpose of paying them in turn to the carriers. Apparently Transport
15 Factoring further contends that Textron's Uniform Commercial Code security interest in KC
16 Express's receivables from the shippers remained unperfected, somehow making Textron's
17 receipt of payment on its loan to KC Express a breach of trust by Textron.

18 New arguments generally may not be raised on a motion for reconsideration.
19 *Zukowski v. St. Lukes Home Care Program*, 326 F.3d 278, 282 n.3 (1st Cir. 2003). Transport
20 Factoring did not make any statute of limitations argument for breach of fiduciary duty in
21 either of its briefs on the original motion. While the reasoning of the original order may bar
22 this new theory, this new contention is not properly before the court. The court therefore
23 denies the motion without reaching its merits.

24 Transport Factoring's First Motion for Extension of Time to File Notice of Appeal
25 (doc. # 69) is denied as unnecessary in light of the Rule 59 character of Plaintiff's Motion for
26 Reconsideration (doc. # 63), which delays the commencement of the running of the time for
27 appeal under Rule 4(a)(4)(A), Fed. R. App. P.

28

1  *Interocean S.S. Corp. v. New Orleans Cold Storage & Warehouse Co.*, 865 F.2d 699, 703
2  (5th Cir. 1989). However, as a general matter the bill of lading is strictly construed against
3  the carrier, *Interocean*, 865 F.2d at 703, and creates rights that may be waived. *See*
4  *Commercial Metals*, 456 U.S. at 343 ("*Unless the bill provides to the contrary*, the consignor
5  remains primarily liable for the freight charges." (emphasis added)). Transport Factoring has
6  presented no authority or evidence contradicting Textron's assertions — which are supported
7  by evidence — that the carriers had no such statutory right in these transactions or waived
8  it if they did. (*See* doc. # 60 at 7 (citing DSOF Ex. 11 at p. 26); doc. # 35 at ¶ 17.)

9  Transport Factoring also relies for the first time in this motion on a theory of breach
10 of fiduciary duty, arguing that the statute of limitations for such a breach had not run by the
11 time this action was brought. (doc. # 64-1 at 3-4.) Perhaps Transport Factoring's theory is
12 that the carriers' waiver of direct claims against the shippers was invalid, with the asserted
13 consequence that the shippers' payments to KC Express were held by KC Express in trust for
14 the sole lawful purpose of paying them in turn to the carriers. Apparently Transport
15 Factoring further contends that Textron's Uniform Commercial Code security interest in KC
16 Express's receivables from the shippers remained unperfected, somehow making Textron's
17 receipt of payment on its loan to KC Express a breach of trust by Textron.

18 New arguments generally may not be raised on a motion for reconsideration.
19 *Zukowski v. St. Lukes Home Care Program*, 326 F.3d 278, 282 n.3 (1st Cir. 2003). Transport
20 Factoring did not make any statute of limitations argument for breach of fiduciary duty in
21 either of its briefs on the original motion. While the reasoning of the original order may bar
22 this new theory, this new contention is not properly before the court. The court therefore
23 denies the motion without reaching its merits.

24 Transport Factoring's First Motion for Extension of Time to File Notice of Appeal
25 (doc. # 69) is denied as unnecessary in light of the Rule 59 character of Plaintiff's Motion for
26 Reconsideration (doc. # 63), which delays the commencement of the running of the time for
27 appeal under Rule 4(a)(4)(A), Fed. R. App. P.

28

**IT IS THEREFORE ORDERED** that Transport Factoring's motion for reconsideration (doc. # 63) is denied.

**IT IS FURTHER ORDERED** that Transport Factoring's First Motion for Extension of Time to File Notice of Appeal (doc. # 69) is denied.

DATED this 20th day of December, 2005.

_____
Neil V. Wake
United States District Judge